IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jeremy Green,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Insurance Company McDonalds Corp.;<br>Golden Arches Insurance,<br><br>                    Defendants. | Civil Action No. 3:26-cv-644-CMC<br><br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint filed February 13, 2026.  Dkt. No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On April 21, 2026, the Magistrate Judge entered a Report and Recommendation ("Report") recommending this matter be dismissed without prejudice and without issuance and service of process as duplicative of a prior action and for lack of subject matter jurisdiction. Dkt. No. 13. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff failed to file objections, but filed a document with a copy of his Notice of Filing and the Report. There is nothing in the document written by Plaintiff and no response to the Report regarding the action as duplicative or lack of subject matter jurisdiction.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection

is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Although Plaintiff filed a document within the time designated for objections, the document cannot be construed as specific objections to any portion of the Report, as it contains only a copy of the Report and Notice of Filing. Therefore, the court finds the document filed does not contain specific objections sufficient to trigger de novo review of any part of the Report. After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees this matter should be dismissed. Accordingly, the court adopts the Report by reference in this Order. This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 19, 2026

2